### 5818.  MOTT v. THE STATE.

WADE, J.  1. In section 960 of the Political Code, which, among the "specific and occupation taxes" required by section 916 to be levied and collected each year, imposes "upon every itinerant doctor, dentist, optician, veterinary surgeon, osteopathist, or specialist of any kind traveling and doing business in this State, the sum of ten dollars for each county in which they may practice or do business," the proviso at the end of this clause, "that the provisions of this section shall not apply to persons whose fixed place of business is in any county of this State and who have paid the professional tax required by section 918," is qualified by the additional proviso that if any such person "shall peddle or sell any drug, medicine, remedy, appliance, spectacles, glasses, or other goods, in connection with the practice of his profession, he or they shall be subject to the tax required of peddlers or traveling vendors of patent or proprietary medicines, nostrums, etc., by section 946, to wit: Fifty dollars in each county where they may sell or offer to sell any such articles." And section 978 requires that "before any person shall be authorized to open up or carry on said business, they shall go before the ordinary of the county in which they propose to do business, and register their names, the business they propose to engage in, the place where it is to be conducted, and they shall then proceed to pay their tax to the collector." Failure so to register, or, after registration, to pay the tax, is declared to be a misdemeanor. See also Penal Code, § 469.

2. The foregoing code sections are applicable where one who is an optician and eye-specialist and is also a member of a firm engaged in the business of manufacturing and selling eye-glasses at a fixed place of business in the county in which he resides and has his office, and who has com-

plied with the laws as to payment of taxes and registration of business in that county, travels to other counties in the State, stopping a short time in each at a place advertised by him, at which he examines and tests eyes without charge and takes orders for glasses to be made and delivered by his firm, and sends to the firm the orders, with his prescriptions for the glasses, and the firm sends the glasses directly from its place of business to the persons ordering them, who send the price of the glasses to the firm, or in some instances pay it to him in person, though he does not himself in any instance deliver the glasses at the time or place of taking the order.

3. The agreed statement of facts authorized a conviction of the offense of failing to register under section 978, supra.

*Judgment affirmed. Broyles, J., not presiding.*
DECIDED APRIL 13, 1915.

Indictment for misdemeanor; from Glynn superior court—Judge Conyers. June 1, 1914.

*R. W. Durden, Frank H. Harris,* for plaintiff in error.

*J. H. Thomas, solicitor-general,* contra.